IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> Plaintiff, : <br>   : <br>   : <br> v. : <br>   : <br> ADVANTAGE MEDICAL TRANSPORT Inc., : <br> TRUST AMBULANCE, Inc., : <br> SERGE SIVCHUK, and : <br> ROSTIK PILIP : <br>   : <br> Respondents. : | Civil No. 1:11-cv-1057 <br><br> (J. Conner) <br><br> (Under Seal) <br><br> FILED <br> HARRISBURG, PA <br><br> JUN 0 1 2011 <br><br> MARY E. D'ANDREA, CLERK <br> Per _____ <br> Deputy Clerk |

**COMPLAINT AND APPLICATION
FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Pursuant to 18 U.S.C. § 1345, Plaintiff, the United States of America, hereby requests this Honorable Court issue Temporary Restraining Orders and a Preliminary Injunction. The relief is requested by the government in order to freeze and preserve monies, funds and assets derived from an on-going health care fraud scheme that defrauded Medicare of as much as $4,000,000.00. In support, the United States sets forth the following:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 18 U.S.C. §1345 and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 18 U.S.C. §1345(a)(1) and 28 U.S.C. §1391(b).

## II. THE PARTIES

3. Plaintiff is the United States of America.

4. Respondent Advantage Ambulance, Inc. (Advantage) is a corporation engaged in the business of providing ambulance services in South-Central Pennsylvania. Advantage's headquarters are located at 733 Fire House Lane, Harrisburg, PA .

5. Respondent Serge SIVCHUK, owns Advantage in whole or in part and also serves as its Director, President, and Managing Employee.

6. Respondent Trust Ambulance, Inc. (Trust) is a corporation engaged in the business of providing ambulance services in South-Central Pennsylvania. Trust's headquarters are located at 2238 Gettysburg Road, PA.

7. Respondent Rostik PILIP, owns Trust in whole or in part and serves as its Managing Employee.

8. Medicare is a federally funded health insurance program designed to provide medical services and medical equipment to individuals over the age of sixty-five (65) and certain others with disabilities. Medicare is administered by the

U.S. Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS). *See* 18 U.S.C. § 24(b), et. seq.

### III. THE RESPONDENTS' HEALTH CARE FRAUD SCHEME

9. A joint investigation by the HHS Office of Inspector General and the Federal Bureau of Investigation (FBI) has revealed that for the past two (2) years the Respondents perpetrated a health care fraud scheme that yielded them as much $4,000,000 in Medicare benefits they were not entitled to receive. The scheme was premised upon the Respondents' provision of non-emergency ambulance services to non-qualified Medicare beneficiaries.

10. Generally, Medicare only pays for non-emergency ambulance services if such is (1) medically necessary, and, (2) the patient has a Certification of Medical Necessity (CMN) from an attending physician certifying that ambulance transport is medically necessary. Moreover, the ambulance transport must occur within six (6) months of the physician's certification. To be medically necessary the beneficiary's medical condition must be "such that other means of transportation are contraindicated." 42 CFR § 410.40(d)(1). Medicare does not pay any benefit for wheelchair van transport.

11. The investigation has shown the Respondents routinely billed and received payment from Medicare for non-emergency ambulance services that were not medically necessary in that the patients were ambulatory and/or capable of being

transported by wheelchair van. These ambulatory patients were typically driven by Advantage and Trust ambulances to and from kidney dialysis centers. The investigation has revealed some of the patients had non-existent or expired CMNs. Further, the investigation has shown the Respondents created false support for their fraudulent billings by altering and falsifying driver "run sheets" to conceal the fact the patients were ambulatory and not eligible for Medicare reimbursement.

12. Attached as Exhibit A to this Complaint is the June 1, 2011 Affidavit of HHS Special Agent Ethan Brockman, and FBI Special Agent Richard Oh. The Affidavit, which is specifically incorporated herein, summarizes the results of their investigation. The Affidavit reveals as much as $4,000,000 in Medicare benefits was electronically deposited into Advantage and Trust bank accounts since January 1, 2009.

## IV. INJUNCTIONS AGAINST HEALTH CARE FRAUD

13. This Court enjoys broad powers to enjoin on-going health care fraud schemes, to preserve assets derived from such schemes, and to preserve other property of equivalent value under the Injunctions Against Fraud Statute, 18 U.S.C. § 1345. The Statute authorizes the Attorney General to commence a civil action in

any federal court to enjoin any person from "committing or about to commit a Federal health care offense." 18 U.S.C. § 1345 (a)(1)(C).

With respect to the freezing of assets, if a person is alienating or disposing of property, or *intends* to alienate or dispose of property obtained as a result of a banking law or Federal health care offense, or other property that is traceable to such violation, the Attorney General may commence a civil action in any Federal court to enjoin such alienation or disposition of property.  18 U.S.C. § 1345 (a)(2)(A)(emphasis supplied).  The statue also authorizes the Attorney General to seek a restraining order to "prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property *or property of equivalent value.*" 18 U.S.C. § 1345(a)(2)(B)(i)(emphasis supplied).  The court is empowered to appoint a temporary receiver to administer the restraining order.
18 U.S.C. § 1345(a)(2)(B)(ii). The statue further authorizes the court to grant a permanent or temporary injunction or restraining order without bond.  18 U.S.C. § 1345(a)(3).

The statute directs the court to proceed "as soon as practical" to the hearing and determination of such an action, and authorizes the court, at any time before final determination, to enter such a restraining order or prohibition, or to take such

other action as is warranted to prevent a continuing and substantial injury *to the United States* or to any person or class of persons for whose protection the action is brought. 18 U.S.C. § 1345(b)(emphasis supplied). A proceeding under the Injunctions Against Fraud Statue is governed by the Federal Rules of Civil Procedure, except that if an indictment is returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure. *Id.*

## V. PRAYER FOR RELIEF

14. Based upon the Affidavit of Special Agent Brockman, the Government submits there is probable cause to believe the Defendants have engaged and are presently engaged in an on-going health care offense, specifically health care fraud, 18 U.S.C. § 1347, as well as 18 U.S.C. §§ 287 (false, fictitious, or fraudulent claims); 371 (conspiracy to defraud the United States), and 1001 (false statements or entries). Accordingly, the Government requests the Court enter a Temporary Restraining Order and a Preliminary Injunction prohibiting Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, who

receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined from:

a) making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. §§ 287, 371, 1001, or 1347, and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

b) alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of any monies, funds, property or assets obtained, directly or indirectly, from Medicare;

c) alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of any monies, funds, property or assets controlled by or held on behalf of any of the Defendants at any financial institution, including but not limited to Citizens Bank and M&T Bank, trust fund, or other financial entity, public or private, that are proceeds or profits from Defendants' Federal health care offenses or property of an equivalent value of such proceeds or profits;

d) failing to preserve all of the Defendants' business, financial, and accounting records, including bank records, that detail any Defendants' business operations and disposition of any payment that directly or indirectly arose from the

payment of money to any Defendant on behalf of the Medicare program, and from altering, disposing or concealing same;

e) to preserve all medical records, including patient records, that relate to any Defendants' business operations and/or to services for which claims were submitted to the Medicare program;

f) provide to the United States the following:

1. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in any Defendant's name or in the names of any of their owners, agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

2. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in

response to any of the activities described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

        3.    the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any Defendant in the past three years;

g)    complete a Financial Disclosure Statement form provided by the United States and, on a monthly basis, provide an accounting of their assets in suitable reports detailing their financial conditions;

h)    and any further relief the Court deems appropriate.

        Respectfully submitted,

        PETER J. SMITH
        United States Attorney

Date:   June 1, 2011

        s/D. Brian Simpson
        D. BRIAN SIMPSON
        Assistant United States Attorney
        ID#OH71431
        228 Walnut Street, Suite 220
        Harrisburg, Pennsylvania 17108-1754
        Phone: (717) 221-4482
        Fax: (717) 221-4493
        D.Brian.Simpson@usdoj.gov