IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 1:11-CV-1057 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ADVANTAGE MEDICAL** | : | |
| **TRANSPORTATION INC**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 12th day of January, 2012, upon consideration of the motion to release assets for income tax obligations (Doc. 24) filed by defendant Serge Sivchuk ("Sivchuk"), on November 15, 2011, wherein Sivchuk requests that the court modify the consent preliminary injunction (Doc. 14) entered into in this case by the parties and release frozen assets sufficient to cover Sivchuk's 2010 Federal and State income tax obligations,[1] and the court noting that in the instant matter the government alleges that Sivchuk defrauded the Medicare Program of an amount possibly in excess of $4,000,000, and it appearing that in cases of alleged fraud courts may freeze assets pending the completion of legal proceedings, see Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp., 991 F.2d 71, 79 (3d Cir. 1993) (noting that "a freeze is designed to preserve the status quo by preventing

---

[1] Sivchuk avers that he owes $326,352 to the IRS in federal income taxes, and $31,211 in state taxes. (Doc. 24 ¶ 4). The motion cites to Exhibit A in support, however, the exhibit was not attached to either the motion or the brief in support of the motion. (See Docs. 24, 28).

the dissipation and diversion of assets"), but that a defendant "should not be unduly hindered in fulfilling his just governmental obligations while trial is pending," United States v. Madeoy, 652 F. Supp. 371, 377 (D.D.C. 1987), and the court finding that the instant matter is distinguishable from other cases releasing frozen assets to satisfy tax obligations,[2] and the court concluding that keeping the assets frozen would not, as Sivchuk claims, effectuate a "nonsensical result" of requiring Sivchuk to violate the law by nonpayment of state and federal taxes, but would rather prevent Sivchuk from being relieved of his personal income tax liability to the federal government through the use of assets allegedly fraudulently obtained from the federal government, it is hereby ORDERED that the motion to release assets for income tax obligations (Doc. 24) is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] In United States v. Madeoy, the D.C. district court permitted the release of frozen assets to allow defendants to pay their state and federal income taxes, after concluding that "[a] criminal defendant should not be unduly hindered in fulfilling his just governmental obligations while trial is pending." 652 F. Supp. 371, 377 (D.D.C. 1987). Unlike the present case, however, the defendants in Madeoy were charged with conspiracy, fraud and RICO violations, and the frozen assets were not defrauded from the government itself. See id. at 374. None of the cases cited by defendant involved an attempt to release frozen assets to pay the very entity from which the frozen assets were allegedly fraudulently obtained. See United States v. Perholtz, 622 F. Supp. 1253, 1260 (D.D.C. 1985) (defendants charged with RICO violations); see also Commodity Futures Trading Comm'n, 991 F.2d at 79 (releasing assets to pay living expenses, including taxes, in case where defendants accused of defrauding the public through the offer and sale of illegal off-exchange futures contracts).